**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

* * *

ANDRES ANGULO-BARBOSA,

Petitioner,

v.

TODD BLANCHE, *et al.*,

Respondents.

Case No. 2:26-cv-02102-RFB-BNW

**ORDER GRANTING WRIT OF HABEAS CORPUS**

Before the Court is Petitioner Andres Angulo-Barbosa's First Amended Petition for Writ of Habeas Corpus (the "Petition") (ECF No. 8). Petitioner challenges the lawfulness of his ongoing detention at Nevada Southern Detention Center in the custody of Immigration and Customs Enforcement ("ICE"). Specifically, Petitioner argues his detention is unlawful under (i.) Jacobo-Ramirez v. Mullin, --- F. Supp. 3d ---, 2026 WL 879799 (D. Nev. Mar. 30, 2026); (ii.) the Immigration and Nationality Act; and (iii.) the Due Process Clause of the Fifth Amendment. For the following reasons, the Court grants the Petition, awards Petitioner a writ of habeas corpus, and orders Respondents to immediately release him from ICE custody.

## I. FILING FEE

As a preliminary matter, the Court finds good cause to grant Petitioner's Motion for Leave to Proceed *in forma pauperis*. Cf. 28 U.S.C. § 1915(a) (enabling petitioners in civil detention to seek leave to proceed in forma pauperis). Thus, **IT IS HEREBY ORDERED** that Petitioner's Motion for Leave to Proceed *in forma pauperis* (ECF No. 7) is **GRANTED**.

## II. FINDINGS OF FACT

The Court makes the following findings of fact based on the Parties' undisputed factual

allegations in the existing record before the Court, and the evidence they supply. See Carlson v. Landon, 186 F.2d 183, 188 (9th Cir. 1950).

First, the Court finds Petitioner is a member of the Jacobo-Ramirez Class—a fact undisputed by the Parties. Petitioner has set forth sufficient facts indicating Class membership, and Federal Respondents make no argument against Petitioner's Class membership in their response to the Petition. See First Am. Pet. for Habeas Corpus at 6, ECF No. 8 (August 17, 2026) [hereinafter, "Pet."]; see generally Fed. Resp'ts' Resp. to Pet., ECF No. 10 (August 31, 2026) [hereinafter, "Opp'n"]. [1] See also Reynoso v. Giurbino, 462 F.3d 1099, 1110 (9th Cir. 2006) (the government "is bound by its concessions").

In addition, the Court finds Federal Respondents did not perform an initial custody determination as to Petitioner at the outset of his detention. Petitioner was taken into ICE custody on July 4, 2026, over two months ago. See Pet. at 5. This Court instructed Federal Respondents to produce specific records as to Petitioner, including a Form I-286. See Order Appointing Counsel at 3, ECF No. 3 (July 10, 2026). The government has failed to produce a Form I-286 that was provided to Petitioner at the outset of his detention. See Pet. at 7–9; Pet'r's Reply to Opp'n at 8–9, ECF No. 13 (September 8, 2026) [hereinafter, "Traverse"].

## III. CONCLUSIONS OF LAW

As a member of the Jacobo-Ramirez Class, Petitioner is entitled to the relief afforded to the Class by this Court. In its March 2026 Order, this Court declared that class members "are not subject to detention under § 1225(b)(2)(A)"; instead, "they are subject to detention under 8 U.S.C. § 1226(a) and its implementing regulations," which supply a suite of procedural protections. See Jacobo-Ramirez, 2026 WL 879799, at *33. Moreover, Federal Respondents (and this Court) are obligated to abide the Ninth Circuit's binding judgment in Rodriguez Vazquez v.

---

[1] The Jacobo-Ramirez certified class includes the following people:

> All noncitizens in the U.S. without lawful status (1) who are or will be arrested or detained by ICE; (2) who are or will be in removal proceedings before an Immigration Court within the District of Nevada; (3) whom DHS alleges or will allege to have entered the United States without inspection or parole; (4) who are not or will not be subject to detention under 8 U.S.C. §§ 1226(c), 1225(b)(1), or 1231 at the time they are scheduled for or request a bond hearing; and (5) whose most recent arrest by ICE occurred inside the United States and not while arriving in the United States.

Jacobo-Ramirez, 2026 WL 879799, at *4.

Bostock, which explicitly rejected the government's interpretation of § 1225(b)(2)(A) and held that noncitizens like Petitioner fall within the detention regime set out in § 1226, not § 1225(b)(2)(A). See Rodriguez Vazquez v. Bostock, 183 F.4th 1160, 1165 (9th Cir. 2026) ("[W]e conclude that [noncitizens] present without admission who are apprehended in the interior of the United States are subject to the detention regime of § 1226, not § 1225(b)(2)(A)."). Though it is unclear, Federal Respondents appear to concede that the only statutory detention provision applicable to Petitioner is § 1226(a). See Opp'n at 7 (discussing 8 U.S.C. § 1226(a)). Yet, to date, Respondents have failed to provide evidence that an initial custody determination that was conducted at the outset of Petitioner's detention, as required by § 1226(a)'s implementing regulations. See Pet. at 7–9; see also 8 C.F.R. § 236.1. Because Petitioner was not provided the procedures he was entitled to as a matter of statute, his arrest and ongoing detention are unlawful under the Immigration and Nationality Act ("INA"), this Court's declaratory judgment/vacatur, and the law of this circuit.

For reasons articulated in Rios-Rodriguez v. Blanche et al., Case No. 2:26-CV-02117-RFB-MDC, 2026 WL 2280924 (D. Nev. Aug. 7, 2026), which are incorporated by reference herein, the Court finds that Petitioner must be released from government custody. The government's failure to perform an initial custody determination as to Petitioner at the outset of his detention runs afoul of § 1226(a) and its implementing regulations, as well as this Court's declaratory judgment. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1196–97 (9th Cir. 2022); Jacobo-Ramirez, 2026 WL 879799, at *33; Rios-Rodriguez, 2026 WL 2280924, at *2–3.

The Court further finds Petitioner is entitled to the procedures afforded under § 1226(a) not merely by statute and regulation, but by the Due Process Clause of the Fifth Amendment, for the reasons articulated in this Court's order in Rios-Rodriguez, which the Court incorporates by reference as if fully set forth herein. Specifically, as explained in Rios-Rodriguez, the Court finds Petitioner's detention without notice of an initial custody determination violates Petitioner's right to substantive and procedural due process. See Rios-Rodriguez, 2026 WL 2280924, at *3–9 (further addressing why *post hoc*, legally untethered "bond hearing" proceedings are insufficient to cure pre-deprivation due process violations).

Respondents have asserted that this Court must dismiss the Petition because (1) Petitioner has not exhausted his administrative remedies, and (2) this Court lacks jurisdiction under 8 U.S.C. § 1226(e). See generally Opp'n. To be clear, the Court does not construe the Petition nor the Traverse as an appeal of the bond decision.[2] It is a challenge to the legality of Petitioner's detention under Respondents' unlawful, now-vacated, mandatory detention policy, failure to fully comply with 8 U.S.C. § 1226(a) and its implementing regulations, and their violations of Petitioner's due process rights through the deprivation of necessary procedural protections. See generally Pet.; Traverse. As such, neither of Respondents' arguments is persuasive.

First, the exhaustion requirement is prudential, not jurisdictional. See Hernandez v. Sessions, 872 F.3d 976, 988 (9th Cir. 2017). A court may require prudential exhaustion if: "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007). The Court finds that none of these factors are met: ICE's failure to provide Petitioner with necessary pre-deprivation procedures has both marred the record and denied Petitioner a meaningful opportunity to utilize the administrative scheme. Further review by the agency cannot correct the statutory and due process violations—both purely legal questions within a federal court's purview—arising from Petitioner's initially unlawful arrest and detention.

Additionally, the Court may waive prudential exhaustion if "administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void." Laing v. Ashcroft, 370 F.3d 994, 1000 (9th Cir. 2004). Here, not only would administrative remedies be inadequate and ineffective to cure Petitioner's lack of pre-deprivation procedures, but exhaustion would also be futile for the reasons set forth in this Court's Order in Doroteo-Chavez v. Noem, Case No. 2:26-cv-00049-RFB-DJA, 2026 WL 1031190 (D. Nev. Apr. 16, 2026), which are incorporated by

---

[2] Indeed, the Petition was filed *before* Respondents decided to provide a bond proceeding for Petitioner. See ECF No. 1-1 (filed July 10, 2026).

reference in full herein. Specifically, Federal Respondents have failed to properly and clearly identify the statutory framework that governs Petitioner's detention. See generally Opp'n. To date, the Board of Immigration Appeals ("BIA") is still bound by its precedent in Matter of Yajure Hurtado, 29 I&N Dec. 216 (BIA 2025). Thus, if Petitioner's detention is or was governed by the government's unlawful application of 8 U.S.C. § 1225(b)(2)(A), the BIA would simply have found that "Immigration Judges lack authority to hear bond requests or to grant bond to [noncitizens] who are present in the United States without admission." Hurtado, 29 I&N Dec. at 225. Thus, because Petitioner's challenge lies "outside the BIA's ken[,]" and would otherwise be futile, the Court concludes exhaustion is not warranted. Sola v. Holder, 720 F.3d 1134, 1135 (9th Cir. 2013) (*per curiam*).

Next, 8 U.S.C. § 1226(e) does not deprive the Court of jurisdiction over this matter. As this Court explained in Maldonado Vazquez v. Feeley, 805 F. Supp. 3d 1112, 1133 (D. Nev. 2025), which is incorporated by reference in full herein, the Petition does not challenge any discretionary decision. Rather, Petitioner is bringing a statutory and constitutional challenge to the government's authority to detain him without the procedures mandated by 8 U.S.C. § 1226(a) and its implementing regulations, in other words, the statutory framework of § 1226(a). More specifically, Petitioner challenges Respondents' failure to provide him a notice of initial custody determination. see Pet. at 7–9, in other words, Respondents' failure to provide him "guarantee[d] procedural safeguards" and "adequate procedures for contesting detention." Opp'n at 10 (citing to Mathews v. Eldridge, 424 U.S. 319, 333 (1976); Rodriguez Diaz, 53 F.4th 1189, 1209 (9th Cir. 2022)). Accordingly, Petitioner's challenge to "the extent of the Government's detention authority under the 'statutory framework' as a whole" does not implicate § 1226(e). Jennings v. Rodriguez, 583 U.S. 281, 295 (2018). The Court thus concludes 8 U.S.C. § 1226(e) does not bar consideration of the Petition.

Therefore, the Court finds Petitioner's detention has been unlawful under both the INA and the Due Process Clause from the moment it began, and immediate release—"the typical remedy"

for "unlawful executive detention"—is appropriate here.[3] See Munaf v. Geren, 553 U.S. 674, 693 (2008). Additionally, the Court finds that it must adopt equitable remedies to ensure that Federal Respondents abide by due process moving forward. Cf. U.S. v. Handa, 122 F.3d 690, 691 (9th Cir. 1997) (describing the broad, flexible power federal courts possess to fashion equitable relief in the context of habeas corpus proceedings). Here, the Court finds it appropriate to require that, in the event DHS seeks to (re)detain Petitioner under § 1226(a), Federal Respondents must provide him with *a pre-deprivation* bond hearing wherein the government must prove, by clear and convincing evidence, that detention is appropriate. See Martinez v. Clark, 124 F.4th 775, 784 (9th Cir. 2024) (citation omitted) (reviewing EOIR's compliance with a district court's conditional writ, which ordered EOIR to conduct a bond hearing—as a matter of due process—where the government was required to "show by clear and convincing evidence that the detainee presents a flight risk or a danger to the community."); Gonzalez-Juarez v. Bondi, 137 F.4th 996, 1003 (9th Cir. 2025) (describing Martinez). While the Court does not take this step lightly, it finds it is necessary because of Federal Respondents' egregious violations of the law and Petitioner's rights to date.

## IV. CONCLUSION

Based on the foregoing, **IT IS HEREBY ORDERED** Petitioner's Amended Petition for Writ of Habeas Corpus (ECF No. 8) is **GRANTED**.

**IT IS FURTHER ORDERED** Respondents must **RELEASE** Petitioner from detention on his personal recognizance on **September 12, 2026** between the hours of **12:00 P.M. and 3:00 P.M.** Counsel for Petitioner (or their designee/agent) will be permitted to wait in the Federal Justice Tower lobby during the release window.

**IT IS FURTHER ORDERED** Respondents are **PROHIBITED** from imposing release conditions that substantially interfere with Petitioner's liberty, such as electronic monitoring,

[3] Moreover, the Court finds that, to the extent Respondents have afforded Petitioner *some* procedures associated with § 1226, it is clear from the record that Respondents have admittedly not complied with the regulations in full, as required by the statute, its implementing regulations, and this Court's declaratory judgment. See Jacobo-Ramirez, 2026 WL 879799, at *31; see also Rodriguez Diaz v. Garland, 53 F.4th 1189, 1201–1202 (9th Cir. 2022). In addition, immediate release is particularly appropriate given Respondents' lengthy history of non-compliance and defiance in similar cases. See Rios-Rodriguez, 2026 WL 2280924, at *9–12.

without having established the reasonableness of those restrictions, by clear and convincing evidence, at a pre-deprivation hearing. If Federal Respondents impose release conditions in violation of this Order, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents must return Petitioner's personal property, including any personal identification and employment authorization documents, **UPON HIS RELEASE**. If Federal Respondents fail to do so, the Court will consider contempt sanctions against the agency officials responsible.

**IT IS FURTHER ORDERED** Respondents are **PERMANENTLY ENJOINED** from detaining Petitioner pursuant to 8 U.S.C. § 1225(b)(2)(A).

**IT IS FURTHER ORDERED** Respondents may not re-detain Petitioner during the pendency of his current removal proceedings until after an immigration court hearing is held, with adequate notice, to determine whether detention is appropriate under the INA and its implementing regulations. To the extent the government seeks to detain Petitioner under 8 U.S.C. § 1226(a), it bears the burden of establishing that detention is appropriate by clear and convincing evidence.

**IT IS FURTHER ORDERED** the Parties must file a **JOINT STATUS REPORT** by **September 14, 2026** confirming Respondents' compliance with this Order, including: (i) the date and time of Petitioner's release; (ii) compliance with this Court's directives concerning release on personal recognizance; and (iii) the return of Petitioner's personal property.

The Clerk of Court is kindly instructed to enter judgment accordingly and close this case. The Court retains jurisdiction to enforce its order and judgment. Petitioner may move to reopen this case to enforce the judgment without filing a separate case.

**DATED:** September 11, 2026.

**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**